IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DMI COMPANIES, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:25 CV 645 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | Re: ECF No. 30 |
| AUTOMATED INGREDIENT SYSTEMS, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Plaintiff DMI Companies, Inc. ("DMI") brings this breach of contract action against Defendant Automated Ingredient Systems, LLC ("AIS"). DMI alleges that AIS failed to provide professional design, fabrication, and installation services and equipment for an industrial conveyor system in accordance with a Purchase Order accepted by AIS. ECF No. 1; ECF No. 1-4. AIS responds that the controlling agreement is not the Purchase Order, or the terms and conditions referenced therein. Instead, AIS contends that the transaction is governed by its earlier project Proposal and the terms and conditions referenced therein. ECF No. 31 at 2.

At this stage of the litigation, the parties are engaged in discovery in accordance with the Case Management Order entered on September 2, 2025. ECF No. 23. The parties have come to an impasse over DMI's responses to five related Requests for Admission ("RFA") and one Interrogatory. Presently before the Court is AIS's First Motion to Compel. ECF No. 30. In the motion, AIS asks the Court to compel DMI to admit that the terms and conditions attached to the AIS Proposal govern this dispute or if denied, to compel a detailed explanation. ECF No. 31 at 3; ECF No. 30-4 at 7-10. Relevant to the pending Motion, AIS's terms and conditions include a

choice of law provision that requires the application of Missouri law to this dispute.[1] Id. AIS also would like DMI to admit that Missouri law applies.

After counsel met and conferred, DMI supplemented its initial objections and denials as follows.

> SUPPLEMENTAL RESPONSE: In addition to the General Objections, Plaintiff objects to this Request as [it] calls for a legal conclusion. To the extent a response is required, this Request is denied. By way of further response, and subject to and without waiving the General Objections, Plaintiff alleges in its Complaint that DMI's Purchase Order constitutes a valid and enforceable contract between DMI and AIS and is governed by DMI's Terms and Conditions. As such, it is Plaintiff's position that DMI's Terms and Conditions or some combination of the parties' Terms and Conditions apply to the instant action in accordance with applicable law.

Id.

AIS contends that DMI's supplemental response is inadequate under Rule 36 of the Federal Rules of Civil Procedure. AIS also asks for an award of attorney's fees and costs incurred by it to bring the instant Motion to Compel. ECF No. 31 at 6.

DMI responds that it has properly stated its objections to the RFAs and Interrogatory at issue based on the permissible bounds of Rule 36. ECF No. 31. Further, its denials fairly respond to the substance of AIS's discovery requests. Id. at 4-6. DMI argues that the disputed RFAs seek admissions to legal conclusions and are "properly objectionable." Id. (quoting Duchesneau v. Cornell Univ, No. 08-4856, 2010 WL 4117753, at *3 (E.D. Pa. Oct. 19, 2010)). DMI contends that contrary to the representations made by AIS, the terms and conditions contained in the AIS proposal are not dispositive under applicable law. Id. at 5 (citing Commc'ns Supply Corp. v. Iron Bow Techs., LLC, 529 F. Supp. 3d 423 (W.D. Pa. 2021)). Instead, as set forth in its responses to the RFAs, this case requires consideration of two writings with different terms and conditions.

---

[1] DMI's terms and conditions require the application of Pennsylvania law. ECF No. 31 at 5.

Therefore, consistent with Rule 36(a), "DMI's objection, denial, and explanation that its position is that its terms and conditions apply or some combination of the parties' terms and conditions apply is DMI's application of the facts of this case to the applicable law." Id.

AIS filed a Reply Brief and contends that DMI's supplemental response, its argument relative to the merits of the dispute, and its citation to the Uniform Commercial Code reflect a concession that the initial responses were insufficient, and rest on an argument that cannot "survive on the merits." ECF No. 36 at 6.

The Court has carefully reviewed the parties' briefs and exhibits in support and in opposition to the pending Motion to Compel. Based on this review, the Court finds that DMI's responses to the Requests for Admissions comply with Federal Rule of Civil Procedure 36.

Rule 36 permits a party to serve a request for admission regarding any question of fact, or the application of law to fact, within the proper scope of discovery as defined by Rule 26(b)(1). Fed. R. Civ. P. 36(a). Rule 26(b)(1) defines the scope of discovery as including "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1).

> Under Rule 36, the scope of a proper RFA may relate to, inter alia, "facts, the application of law to fact, or opinions about either." Rule 36(a)(1)(A). See also Rule 36(a)(1) (incorporating Fed. R. Civ. P. 26(b)(1)). It follows, then, that if a party "is served with a request for admission of a fact that it now knows to be true, it must admit that fact, even if that admission will gut its case and subject it to summary judgment." Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992). See also Rule 36(a)(5) ("A party must not object solely on the ground that the request presents a genuine issue for trial."). The presence of legal conclusions in a RFA does not warrant objection if the RFA applies the law to facts. Duchesneau, 2010 WL 4117753, at *3. However, a RFA that "calls for a legal conclusion that is one of the ultimate issues of the case is properly objectionable." Id.

Paramount Fin. Commc'ns, Inc. v. Broadridge Inv. Commc'n Sols., Inc., No. 15-405, 2017 WL 495784, at *3 (E.D. Pa. Feb. 7, 2017). See also Kosta v. Connolly, 709 F. Supp. 592, 594 (E.D. Pa. 1989) (internal citations omitted) ("The purpose of F. R. Civ. P. 36(a) is to expedite trial by

3

eliminating the necessity of proving undisputed and peripheral issues. We should not employ the rule … to answer questions of law."); 8B *Wright & Miller's Federal Practice& Procedure* § 2255 (3d ed.) (explaining1970 amendment to Rule 36 to broaden the scope of permissible RFAs, "[a]s the Committee Note indicates, even the amended rule does not allow a request for admission of a pure matter of law."). Thus, an RFA that does not ask a party to admit to facts, but to disclose its trial strategy or legal theories is properly objectionable. "This is not the purpose of Rule 36." Paramount, 2017 WL 495784, at *3  (citing Howell v. Maytag, 168 F.R.D. 502, 504 (M.D. Pa. 1996) ("While factual matters are generally appropriate subjects for discovery, trial strategy is not.")).

In this case, the Court concludes that that the challenged RFAs and the Interrogatory call for admissions to ultimate issues of law: whether the AIS set of terms and conditions governs this breach of contract dispute, and whether Missouri law or Pennsylvania law applies. DMI properly objected and  provided sufficient grounds for each denial. Accordingly, the Motion to Compel is denied.

AIS also requests attorney's fees and costs incurred in bringing the pending Motion. ECF No. 31 at 6.  For the reasons set forth above, the request is denied.

Accordingly, this 11th day of February 2026, IT IS HEREBY ORDERED that the AIS's First Motion to Compel, ECF No. 30, is DENIED in its entirety.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed 14 days from the date of this Order to file an

appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via ECF